IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-199

 No. COA21-318

 Filed 5 April 2022

Office of Administrative Hearings, Nos. 20 DHR 2366–67

BIO-MEDICAL APPLICATIONS OF NORTH CAROLINA INC d/b/a BMA OF
SOUTH GREENSBORO and FRESINIUS KIDNEY CARE WEST JOHNSTON,
Petitioner,

 v.

NC DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF
HEALTH SERVICE REGULATION, HEALTH CARE PLANNING & CERTIFICATE
OF NEED SECTION, Respondent,

 and

TOTAL RENAL CARE OF NORTH CAROLINA, LLC, d/b/a CENTRAL
GREENSBORO DIALYSIS and CLAYTON DIALYSIS, Respondent-Intervenor.

 Appeal by Petitioner from final decision entered 3 November 2020 by

Administrative Law Judge Stacey Bice Bawtinhimer in the Office of Administrative

Hearings. Heard in the Court of Appeals 14 December 2021.

 Fox Rothschild LLP, by Marcus C. Hewitt and Elizabeth Sims Hedrick, for
 Petitioner-Appellant.

 Attorney General Joshua H. Stein, by Assistant Attorney General Derek L.
 Hunter, for Respondent-Appellee.

 Wyrick Robbins Yates & Ponton LLP, by Lee M. Whitman and J. Blakely Kiefer,
 for Respondent-Intervenor-Appellee.

 GRIFFIN, Judge.
 BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2022-NCCOA-199

 Opinion of the Court

¶1 Petitioner Bio-Medical Applications of North Carolina, Inc., appeals from a

 final decision granting summary judgment in favor of Respondent North Carolina

 Department of Health and Human Services and Respondent-Intervenor Total Renal

 Care, LLC. BMA argues that the administrative law judge erred by granting

 summary judgment in favor of DHHS and TRC. After review, we affirm the ALJ’s

 decision.

 I. Factual and Procedural Background

¶2 BMA and TRC own and operate kidney dialysis clinics across North Carolina.

 N.C. Gen. Stat. § 131E-178(a) provides that any entity seeking to “offer or develop a

 new institutional health service[,]” including dialysis clinics, must first apply for and

 obtain a certificate of need (“CON”) from DHHS. N.C. Gen. Stat. § 131E-178(a)

 (2019).

¶3 In July 2019, a “Semiannual Dialysis Report (‘SDR’) identified a deficit of 20

 dialysis stations in Guilford County” and “a deficit of 12 dialysis stations in Johnston

 County.” Pursuant to the SDR, DHHS could approve no more than the number of

 stations necessary to satisfy the deficit in each county.

¶4 On 15 July 2019, BMA and TRC each “submitted competing applications to the

 CON Section[s]” for Guilford and Johnston Counties. In its application for the

 Guilford County service area, “BMA proposed to relocate 12 existing dialysis stations”

 to Guilford County, and “TRC proposed to develop a new 10-station dialysis facility
 BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2022-NCCOA-199

 Opinion of the Court

 in Guilford County[.]” Because the total number of stations proposed by BMA and

 TRC exceeded the deficit identified in the SDR, BMA’s and TRC’s applications “could

 not both be approved as proposed.” Similarly, BMA’s and TRC’s CON applications

 for the Johnston County service area could not both be approved because, collectively,

 the number of proposed stations in their applications exceeded the deficit identified

 in the SDR.

¶5 On 20 December 2019, “the CON Section found both Guilford County

 applications conforming to all applicable statutory and regulatory criteria.” DHHS

 approved TRC’s application in full and partially approved BMA’s application,

 allowing BMA to “develop 10 of the 12 dialysis stations it proposed.” DHHS also

 “found both Johnston County applications conforming to all applicable statutory and

 regulatory criteria.” DHHS again approved TRC’s application in full and partially

 granted BMA’s application, allowing BMA to “relocate 2 of the 4 requested dialysis

 stations” to Johnston County.

¶6 On 17 January 2020, BMA appealed DHHS’s decisions as to both its Guilford

 and Johnston County applications by filing petitions for contested case hearings with

 the Office of Administrative Hearings. BMA subsequently filed a motion for

 summary judgment, arguing that its “rights were substantially prejudiced by

 [DHHS’s] decisions” and that DHHS erred by granting TRC’s applications. DHHS

 and TRC, as a party intervenor, jointly filed a cross-motion for summary judgment,
 BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2022-NCCOA-199

 Opinion of the Court

 contending that BMA could not “show that it was substantially prejudiced by

 [DHHS’s] decision[s.]”

¶7 On 6 October 2020, a hearing was held on the parties’ motions for summary

 judgment, after which the ALJ entered a final decision granting DHHS’s and TRC’s

 joint motion for summary judgment because BMA failed to establish that DHHS

 substantially prejudiced BMA by denying its CON applications. BMA timely filed

 notice of appeal from the final decision.

 II. Analysis

¶8 BMA argues that the ALJ erred by granting DHHS’s and TRC’s motion for

 summary judgment because (1) requiring BMA to demonstrate substantial prejudice

 violated its “unconditional statutory right to administrative review” and (2) even if

 BMA was required to demonstrate substantial prejudice, the ALJ erred in finding

 that BMA did not demonstrate substantial prejudice. We hold that BMA is required

 to demonstrate substantial prejudice pursuant to N.C. Gen. Stat. § 150B-23(a) and

 that BMA has not met its burden. We therefore affirm the ALJ’s final decision.

¶9 “As summary judgment is a matter of law, review by this Court in this matter

 is de novo.” Presbyterian Hosp. v. N.C. Dep’t of Health & Hum. Servs., 177 N.C. App.

 780, 782, 630 S.E.2d 213, 214 (citation omitted).

 The burden is upon the moving party to show that no
 genuine issue of material fact exists and that the moving
 party is entitled to judgment as a matter of law. To meet
 BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2022-NCCOA-199

 Opinion of the Court

 its burden, the movant is required to present a forecast of
 the evidence available at trial that shows there is no
 material issue of fact concerning an essential element of
 the non-movant’s claim and that the element could not be
 proved by the non-movant through the presentation of
 further evidence.

 Id. at 782–83, 630 S.E.2d at 215 (citation and internal quotation marks omitted).

 A. Substantial Prejudice Requirement

¶ 10 BMA argues that it is not required to demonstrate substantial prejudice “or

 other injury in fact because the legislature has granted it an unconditional right to

 administrative review[.]” We disagree.

¶ 11 “After a decision of the Department to issue, deny or withdraw a certificate of

 need[,] . . . , any affected person . . . shall be entitled to a contested case hearing under

 Article 3 of Chapter 150B of the General Statutes.” N.C. Gen. Stat. § 131E-188(a)

 (2019). Applicants for a certificate of need are considered “affected persons” under

 the CON statutes. Id. § 131E-188(c). “In addition to meeting this prerequisite to

 filing a petition for a contested case hearing regarding CONs, the petitioner must also

 satisfy the actual framework for deciding the contested case as laid out in section

 150B-23(a) of . . . the General Statutes.” Surgical Care Affiliates, LLC v. N.C. Dep’t

 of Health & Hum. Servs., 235 N.C. App. 620, 623, 762 S.E.2d 468, 471 (2014) (internal

 quotation marks and brackets omitted).

¶ 12 N.C. Gen. Stat. § 150B-23(a) provides in pertinent part:
 BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2022-NCCOA-199

 Opinion of the Court

 A party that files a petition shall . . . state facts tending to
 establish that the agency named as the respondent has
 deprived the petitioner of property, has ordered the
 petitioner to pay a fine or civil penalty, or has otherwise
 substantially prejudiced the petitioner’s rights and that the
 agency did any of the following:

 (1) Exceeded its authority or jurisdiction.

 (2) Acted erroneously.

 (3) Failed to use proper procedure.

 (4) Acted arbitrarily or capriciously.

 (5) Failed to act as required by law or rule.

 The parties in a contested case shall be given an
 opportunity for a hearing without undue delay. Any person
 aggrieved may commence a contested case under this
 section.

N.C. Gen. Stat. § 150B-23(a) (2019) (emphasis added). “This Court has interpreted

subsection (a) to mean that the ALJ in a contested case hearing must determine

whether the petitioner has met its burden in showing that the agency substantially

prejudiced the petitioner’s rights.” Surgical Care Affiliates, 235 N.C. App. at 624, 762

S.E.2d at 471 (internal quotation marks and brackets omitted); see also Parkway

Urology, P.A. v. N.C. Dep’t of Health & Hum. Servs., 205 N.C. App. 529, 536–37, 696

S.E.2d 187, 193 (2010) (“Under N.C. Gen. Stat. § 150B-23(a), the ALJ is to determine

whether the petitioner has met its burden in showing that the agency substantially

prejudiced petitioner’s rights. . . . [The petitioner’s] contention that it was
 BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2022-NCCOA-199

 Opinion of the Court

 unnecessary for it to show substantial prejudice to be entitled to relief is contrary to

 our case law and is without merit.” (emphasis in original)). BMA is thus required to

 demonstrate substantial prejudice pursuant to N.C. Gen. Stat. § 150B-23(a) and our

 caselaw construing its requirements.

¶ 13 BMA likens the substantial prejudice requirement to an “injury in fact”

 requirement for purposes of standing, citing Committee to Elect Dan Forest v.

 Employees Political Action Committee, 376 N.C. 558, 2021-NCSC-6. This contention

 is misguided. Unlike standing, a petitioner has to demonstrate substantial prejudice

 as part of the merits of its case. See Parkway Urology, 205 N.C. App. at 536, 696

 S.E.2d at 193 (describing substantial prejudice as one of “the statutory requirements

 that must be met in order for a petitioner to be entitled to relief” and part of “[t]he

 actual framework of deciding the contested case” (emphasis in original)). BMA’s

 argument is an attempt to avoid proving the merits of its case by asking this Court

 to hold that it is exempt from the substantial prejudice requirement. This argument

 is without merit.

 B. Proof of Substantial Prejudice

¶ 14 BMA next argues that the ALJ “erroneously concluded that BMA did not

 forecast evidence of” substantial prejudice. By “limit[ing] the number of its own

 stations that [BMA] could move[,]” BMA contends that DHHS “infringed and

 deprived [BMA] of its liberty and property rights[,] thereby preventing [BMA] from
 BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2022-NCCOA-199

 Opinion of the Court

 conducting business as it chooses.” We disagree.

¶ 15 “In order to establish substantial prejudice, the petitioner must provide specific

 evidence of harm resulting from the award of the CON . . . that went beyond any

 harm that necessarily resulted from additional . . . competition[.]” Surgical Care

 Affiliates, 235 N.C. App. at 631, 762 S.E.2d at 476 (citation omitted). “The harm

 required to establish substantial prejudice cannot be conjectural or hypothetical” and

 instead must be “concrete, particularized, and actual or imminent.” Id. (internal

 quotation marks omitted).

¶ 16 We hold that BMA did not forecast sufficient evidence of substantial prejudice

 to survive summary judgment. BMA argues that it was substantially prejudiced by

 the partial denial of its CON application because it “limited the number of its own

 stations that [BMA] could move[.]” However, this Court has previously held in

 multiple cases that a petitioner’s “mere status as a denied competitive CON applicant

 alone is insufficient [to establish substantial prejudice] as a matter of law.” Surgical

 Care Affiliates, LLC v. N.C. Dep’t of Health & Hum. Servs., 237 N.C. App. 99, 766

 S.E.2d 699, 2014 WL 5770252, at *3 (2014) (unpublished) (citing CaroMont Health,

 Inc. v. N.C. Dep’t of Health & Hum. Servs., 231 N.C. App. 1, 4–5, 751 S.E.2d 244, 248

 (2013); Parkway Urology, 205 N.C. App. at 536–37, 696 S.E.2d at 193); Bio-Medical

 Apps. Of N. Carolina v. N.C. Dep’t of Health & Hum. Servs., 247 N.C. App. 899, 788

 S.E.2d 684, 2016 WL 3166601, at *3–4 (2016) (unpublished) (holding that the
 BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2022-NCCOA-199

 Opinion of the Court

 petitioner did not establish substantial prejudice where “the Agency approved [the

 petitioner] to develop seven dialysis stations instead of the 11 it requested” in its CON

 application). Accordingly, BMA’s argument that partial denial of its CON application

 constitutes substantial prejudice is without merit.

¶ 17 We note that “[t]his Court has previously held that, as material questions of

 fact will always exist, summary judgment is never appropriate” where, as here, “two

 or more applicants conform to the majority of the statutory criteria.” Presbyterian

 Hosp., 177 N.C. App. at 783, 630 S.E.2d at 215 (citing Living Centers-Southeast v.

 N.C. Dep’t of Health & Hum. Servs., 138 N.C. App. 572, 580–81, 532 S.E.2d 192, 197

 (2000)). In Living Centers, however, the Court held that summary judgment is never

 appropriate as to the statutory criteria, not as to substantial prejudice. See Living

 Centers, 138 N.C. App. at 580–81, 532 S.E.2d at 197 (“[W]e believe that it is inherent

 that where two or more certificate of need applicants conform to the majority of the

 criteria in N.C. Gen. Stat. § 131E-183, as in the case at bar, and are reviewed

 comparatively, there will always be genuine issues of fact as to who is the superior

 applicant.” (emphasis added)). Substantial prejudice, which was not at issue in

 Living Centers, is a distinct and separate element of a petitioner’s claim; agency error

 as to the statutory criteria is another element. See, e.g., Britthaven, Inc. v. N.C. Dep’t

 of Hum. Res., 118 N.C. App. 379, 382, 455 S.E.2d 455, 459 (1995) (“Under N.C. Gen.

 Stat. § 150B-23(a), the ALJ is to determine whether the petitioner has met its burden
 BIO-MEDICAL APPLICATIONS OF N.C., INC. V. N.C. DEP’T OF HEALTH & HUM. SERVS.

 2022-NCCOA-199

 Opinion of the Court

 in showing that the agency substantially prejudiced petitioner’s rights, and that the

 agency also acted outside its authority, acted erroneously, acted arbitrarily and

 capriciously, used improper procedure, or failed to act as required by law or rule.”

 (emphasis added)).

¶ 18 Material questions of fact will of course always exist when both applicants for

 a competitive CON meet all of the statutory criteria. Living Centers, 138 N.C. App.

 at 580–81, 532 S.E.2d at 197. However, the same cannot be said as to substantial

 prejudice. The standard for substantial prejudice in our caselaw is clear. The mere

 fact that BMA will face increased competition because of the partial denial of its CON

 application is insufficient to establish substantial prejudice as a matter of law.

 Surgical Care Affiliates, 235 N.C. App. at 631, 762 S.E.2d at 476 (“In order to

 establish substantial prejudice, the petitioner must provide specific evidence of harm

 resulting from the award of the CON . . . that went beyond any harm that necessarily

 resulted from additional . . . competition[.]” (citation omitted)).

 III. Conclusion

¶ 19 For the reasons stated herein, we affirm the final decision granting summary

 judgment in favor of DHHS and TRC.

 AFFIRMED.

 Judges ZACHARY and WOOD concur.